IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WASHINGTON,  No. CIV S-08-0386-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

SALEM MOHAMED, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 16) based on failure to exhaust administrative remedies prior to filing suit.

        A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his

1

opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

In this case, defendants have submitted evidence, by way of declarations, establishing that plaintiff did not file any grievances whatsoever related to the incident which is the subject of the complaint. In his opposition, plaintiff submits his own declaration in which he states that he had prepared a grievance and handed it to defendant Hilliard but that he was instructed by defendant Hilliard not to file any grievances because it could interfere with a related FBI investigation. In their reply, defendants submit the declaration of defendant Hilliard in which he stated that plaintiff "never mentioned to me that he planned to file an administrative appeal" and "[a]t no time did I discourage Washington from filing an administrative appeal. In response to defendant Hilliard's declaration, plaintiff states that he was interviewed by two FBI agents two weeks after giving his grievance to defendant Hilliard. Plaintiff further stated that one of these agents, identified as Special Agent Rachel, "had a copy of the grievance Plaintiff gave Hilliard." Plaintiff states that he wrote to Special Agent Rachel on November 20, 2008, requesting a copy of her investigation report and requesting that the agent provide plaintiff with a copy of the grievance she received. Plaintiff attaches a copy of his letter to the agent and states that, as of the date of his filing (December 5, 2008), he had not received a response.

This case requires the court to look beyond the pleadings in order to resolve a factual dispute. Specifically, the dispute is whether plaintiff was prevented from filing an inmate grievance because he was instructed not to do so by defendant Hilliard. In an abundance of caution, the court hereby provides plaintiff with the advisements required by Wyatt, and will provide plaintiff an opportunity to further develop the record by submitting any documents he

1  may have in support of his position, including any response to the November 20, 2008, letter he
2  has received from Special Agent Rachel.
3        Pursuant to Wyatt, 315 F.3d at 1120 n.14, plaintiff is advised of the following
4  requirements for opposing a motion to dismiss for failure to exhaust administrative remedies
5  made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil
6  Procedure:  Such a motion is a request for dismissal of unexhausted claims without prejudice.
7  The defendant may submit affidavits or declarations under penalty of perjury and admissible
8  documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise
9  file declarations under penalty of perjury and admissible documentation.  Plaintiff may rely upon
10 statements made under the penalty of perjury in the complaint if the complaint shows that
11 plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention
12 those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more
13 affidavits or declarations by other persons who have personal knowledge of relevant matters.
14 Plaintiff may also rely upon written records, but plaintiff must prove that the records are what
15 plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible
16 evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters
17 outside the pleadings, the court may look beyond the pleadings and decide disputed issues of
18 fact.  If plaintiff does not serve and file a written opposition to the motion, the court may
19 consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's
20 motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will
21 be dismissed without prejudice.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file supplemental declarations and briefing within 30 days of the date of this order; and

2. Defendants may file responsive supplemental declarations and briefing within 15 days of plaintiff's filing, if any.

DATED: June 5, 2009

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE