IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. CIV S-08-0386-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SALEM MOHAMED, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion entitled "Motion to Order Defendants' Counsel to Serve a Subpoena to Obtain from Mule Creek the Identity of the FBI Agents who Interviewed Plaintiff and Obtain From the FBI Copies Petitioner's Grievance Petitioner Gave MCSP Staff; Request for Evidentiary Hearing" (Doc. 24).

/ / /

/ / /

/ / /

/ / /

/ / /

1

1    This motion is apparently filed in relation to the court's June 5, 2009, order
2 allowing further briefing on defendants' motion to dismiss for failure to exhaust administrative
3 remedies.  In that order, the court stated:

> In this case, defendants have submitted evidence, by way of declarations, establishing that plaintiff did not file any grievances whatsoever related to the incident which is the subject of the complaint.  In his opposition, plaintiff submits his own declaration in which he states that he had prepared a grievance and handed it to defendant Hilliard but that he was instructed by defendant Hilliard not to file any grievances because it could interfere with a related FBI investigation.  In their reply, defendants submit the declaration of defendant Hilliard in which he states that plaintiff "never mentioned to me that he planned to file an administrative appeal" and "[a]t no time did I discourage Washington from filing an administrative appeal."  In response to defendant Hilliard's declaration, plaintiff states that he was interviewed by two FBI agents two weeks after giving his grievance to defendant Hilliard.  Plaintiff further states that one of these agents, identified as Special Agent Rachel, "had a copy of the grievance Plaintiff gave Hilliard."  Plaintiff states that he wrote to Special Agent Rachel on November 20, 2008, requesting a copy of her investigation report and requesting that the agent provide plaintiff with a copy of the grievance she received.  Plaintiff attaches a copy of his letter to the agent and states that, as of the date of his filing (December 5, 2008), he had not received a response.
>
> This case requires the court to look beyond the pleadings in order to resolve a factual dispute.  Specifically, the dispute is whether plaintiff was prevented from filing an inmate grievance because he was instructed not to do so by defendant Hilliard.  In an abundance of caution, the court hereby provides plaintiff with the advisements required by Wyatt, and will provide plaintiff an opportunity to further develop the record by submitting any documents he may have in support of his position, including any response to the November 20, 2008, letter he has received from Special Agent Rachel.

19    In the instant motion, plaintiff asks this court to order defendants to provide him
20 with the name of the special agent who interviewed him.  However, as outlined in the recent
21 order and plaintiff's prior filings, the agent's name is Rachel.  So, there is no need for discovery
22 on this question.  Plaintiff also knows the agent's address because, according to plaintiff, he sent
23 her a letter requesting a copy of the grievance he provided to the agent (but which defendant
24 Hilliard allegedly told plaintiff not to file).  Plaintiff also asks the court to direct defendants to
25 subpoena the FBI agents who investigated his claim "to testify . . . as to the copies of petitioner's
26 written grievance. . . ."  This request is premature in that the court has not indicated that an

evidentiary hearing is necessary.  At this point, the court is most interested in the FBI agent's written response to plaintiff's letter.  Plaintiff does not, however, tell the court what the status of that response is.  Finally, plaintiff asks the court to direct defendants to subpoena the FBI to provide the court and parties with copies of the grievance he provided to the FBI agent.  Again, the agent herself could provide this in response to plaintiff's letter.

For these reasons, the court will deny plaintiff's instant motion but grant an extension of time to submit supplemental declarations and briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion at Doc. 24 is denied;

2. The court sua sponte extends the time for the parties to file supplemental declarations and briefing;

3. Plaintiff may file a supplemental declaration and briefing within 20 days of the date of this order; and

4. Defendants' may file responsive supplemental declarations and briefing within 15 days of plaintiff's filing, if any.

DATED: July 9, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE