IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. CIV S-08-0386-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SALEM MOHAMED, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 16) based on failure to exhaust administrative remedies prior to filing suit. On June 5, 2009, the court issued an order providing the parties an opportunity to file supplemental briefing. Specifically, the court's order began by outlining the following applicable legal principles:

> A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his

1

opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

The court's order continued as follows:

In this case, defendants have submitted evidence, by way of declarations, establishing that plaintiff did not file any grievances whatsoever related to the incident which is the subject of the complaint. In his opposition, plaintiff submits his own declaration in which he states that he had prepared a grievance and handed it to defendant Hilliard but that he was instructed by defendant Hilliard not to file any grievances because it could interfere with a related FBI investigation. In their reply, defendants submit the declaration of defendant Hilliard in which he states that plaintiff "never mentioned to me that he planned to file an administrative appeal" and "[a]t no time did I discourage Washington from filing an administrative appeal." In response to defendant Hilliard's declaration, plaintiff states that he was interviewed by two FBI agents two weeks after giving his grievance to defendant Hilliard. Plaintiff further states that one of these agents, identified as Special Agent Rachel, "had a copy of the grievance Plaintiff gave Hilliard." Plaintiff states that he wrote to Special Agent Rachel on November 20, 2008, requesting a copy of her investigation report and requesting that the agent provide plaintiff with a copy of the grievance she received. Plaintiff attaches a copy of his letter to the agent and states that, as of the date of his filing (December 5, 2008), he had not received a response.

This case requires the court to look beyond the pleadings in order to resolve a factual dispute. Specifically, the dispute is whether plaintiff was prevented from filing an inmate grievance because he was instructed not to do so by defendant Hilliard. In an abundance of caution, the court hereby provides plaintiff with the advisements required by Wyatt, and will provide plaintiff an opportunity to further develop the record by submitting any documents he may have in support of his position, including any response to the November 20, 2008, letter he has received from Special Agent Rachel.

In response, plaintiff filed a document entitled "Status of the FBI's Response to Plaintiff's Letter Requesting a Copy of their Investigative Report into Plaintiff's Grievance that was Submitted to Prison Staff." In this document, plaintiff states that his letter to the FBI was returned as undeliverable. Attached to plaintiff's document is a copy of the envelope indicating that the post office marked it "Undeliverable as Addressed – Forwarding Order Expired." The

letter was addressed to the United States Department of Justice at 650 Capital Mall in Sacramento, California.

As discussed in the prior order, defendants have submitted evidence in the form of declarations which indicate that plaintiff did not submit any prison grievances relating to the issues raised in his complaint. Defendants, therefore, have met their burden of establishing non-exhaustion. The court finds that, in asserting that his efforts to exhaust were thwarted, the burden must logically shift to plaintiff to establish the applicability of this exception to the exhaustion requirement. All plaintiff has submitted, however, is his own declaration that he was instructed by defendant Hilliard not to file a grievance, a contention which defendant Hilliard flatly denies. In light of the competing declarations, the court cannot find that plaintiff has shown that it is more likely than not that defendant Hilliard instructed him not to file a grievance.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 16) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE