IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. CIV S-08-0386-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SALEM MOHAMED, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 21, 2009, the court issued findings and recommendations that defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit be granted. The findings and recommendations were adopted in full on September 16, 2009, and final judgment was entered that same day. Plaintiff appealed and, on July 22, 2010, the Ninth Circuit Court of Appeals issued an unpublished memorandum disposition vacating the judgment of dismissal and remanding for further development of the record. The mandate was issued on August 16, 2010, and this matter was thereafter reopened.

/ / /

/ / /

1

1    Because the Ninth Circuit vacated this court's order granting defendants' motion
2 to dismiss, the motion remains a pending unresolved motion. In its memorandum disposition,
3 the Ninth Circuit faulted this court's conclusion that "Washington could not show that it was
4 'more likely than not' that defendant Hilliard instructed him not to file an administrative
5 grievance," noting that defendant Hilliard bears the burden of proving the absence of exhaustion.
6 See Wyatt t. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Thus, the question is not whether
7 plaintiff can show by a preponderance of the evidence that Hilliard instructed him not to file a
8 grievance. Rather, according to the Ninth Circuit, the question is whether defendants can show
9 by a preponderance of the evidence that Hilliard did not so instruct plaintiff.[1]

10   Defendants will be provided an opportunity to further develop the record
11 consistent with the Ninth Circuit's mandate, as discussed above. Plaintiff will be provided an
12 opportunity to respond. Thereafter, the matter will again stand submitted. Should the court
13 conclude that further development of the record is necessary (for example, by receiving
14 testimony in court), the parties will be so advised and provided an opportunity to address the
15 issue.

16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[1] Obviously, this may be difficult given that defendants must prove a negative in order to prevail and the Ninth Circuit has already concluded that the evidence already on file was insufficient to carry this burden.

Accordingly, IT IS HEREBY ORDERED that

1. Within 30 days of the date of this order defendants shall file a supplemental brief in support of their motion to dismiss, along with whatever additional evidence they may have which has not already been submitted and which would tend to establish by a preponderance of the evidence that defendant Hilliard never instructed plaintiff not to file an administrative grievance; and

2. Plaintiff may file a response within 30 days after the date of service of defendants' brief and evidence.

DATED: January 13, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE