IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. CIV S-08-0386-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| SALEM MOHAMED, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's "Motion For Appointment of Counsel; Request for Recusal or Interlocutory Appeal if Recusal is Denied" (Doc. 43).

      Plaintiff seeks the appointment of counsel "so counsel can make a simple phone call to the Federal Bureau of Investigation to obtain a copy of the grievance Plaintiff submitted to Mule Creek State Prison authorities, proving Lt. Hilliard lied in his declaration that Plaintiff did not file a response." Additionally, plaintiff seeks the recusal of the judges assigned to this case.[1]

---

[1] Plaintiff also mentions that defendants' counsel "may be currently under investigation by the U.S. Justice Department for suborning perjury. . . ." Plaintiff, however, does not appear to seek any relief based on this unsupported and speculative contention.

1

1    The basis of plaintiff's motion is his belief that the court has expressed its "obvious bias in favor of defendants in its footnote 2 to its January 13, 2011, order. . . ." According to plaintiff, the court has expressed "its sympathy for the difficulty for defendants to get this case dismissed again." There is only one footnote in the referenced order (which was signed on January 13, 2011, and docketed the following day) which reads: "Obviously, this may be difficult given that defendants must prove a negative in order to prevail and the Ninth Circuit has already concluded that the evidence . . . on file was insufficient to carry this burden." The question is whether defendant Hilliard instructed plaintiff not to file an inmate grievance. To prevail, defendants must show by a preponderance of the evidence that defendant Hilliard did not do so.

Plaintiff concludes: "Given this Court's concern about how difficult it will be for the defendants to prove a negative, granting Plaintiff's request for counsel so that counsel can easily obtain the evidence showing he filed his grievance with the CDCR staff, would be self-evident." The court does not agree. The court's statement in the footnote does not indicate any bias in favor of defendants. On the contrary, the statement observes that plaintiff may have the better position given the difficulty of proof facing defendants and the appellate court's prior ruling on the matter. The court finds no basis for either appointment of counsel or recusal presented by the court's statement in the order referenced by plaintiff.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (Doc. 43) is denied.

DATED: March 28, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE