1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN WASHINGTON,                         No. 2:08-CV-0386-KJM-CMK-P

12            Plaintiff,

13        vs.                                ORDER

14   SALEM MOHAMED, et al.,

15            Defendants.

16   _____ /

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.

19          Pending before the court on remand from the Ninth Circuit Court of Appeals is

20   defendants' motion to dismiss.  That motion was not, however, accompanied by a

21   contemporaneous notice to plaintiff advising him as to his obligations in opposing a motion to

22   dismiss.  The court will now provide that notice and also provide plaintiff an opportunity to file a

23   supplemental opposition in light of this notice.  Defendants will also be permitted to file a

24   supplemental reply.  If no supplemental opposition is filed within the time provided herein, the

25   matter will stand submitted on the current record.

26   / / /

1

1    Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff

2   is advised of the following requirements for opposing a motion to dismiss for failure to exhaust

3   administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the

4   Federal Rules of Civil Procedure:  Such a motion is a request for dismissal of unexhausted

5   claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

6   perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

7   plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

8   Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

9   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

10   the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

11   and file one or more affidavits or declarations by other persons who have personal knowledge of

12   relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

13   records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

14   with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

15   submit matters outside the pleadings, the court may look beyond the pleadings and decide

16   disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

17   court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

18   defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

19   unexhausted claims will be dismissed without prejudice.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.    Plaintiff may file a supplemental opposition to defendant's motion to

3    dismiss within 30 days of the date of this order; and

4        2.    Defendants may file a supplemental reply within 15 days after service of

5    any supplemental opposition.

6

7    DATED:   July 17, 2012

8                                                    _Craig M. Kellison_____

9                                                    **CRAIG M. KELLISON**
                                                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26