IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. 2:08-CV-0386-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SALEM MOHAMED, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On August 21, 2009, the court issued findings and recommendations that defendants' motion to dismiss (Doc. 16) for failure to exhaust administrative remedies prior to filing suit be granted.  The findings and recommendations were adopted in full on September 16, 2009, and final judgment was entered that same day.  Plaintiff appealed and, on July 22, 2010, the Ninth Circuit Court of Appeals issued an unpublished memorandum disposition vacating the judgment of dismissal and remanding for further development of the record.  The mandate was issued on August 16, 2010, and this matter was thereafter reopened.

/ / /

/ / /

1

1           Because the Ninth Circuit vacated this court's order granting defendants' motion to dismiss, the motion remains a pending unresolved motion.  In its memorandum disposition, the Ninth Circuit faulted this court's conclusion that "Washington could not show that it was 'more likely than not' that defendant Hilliard instructed him not to file an administrative grievance," noting that defendant Hilliard bears the burden of proving the absence of exhaustion.  See Wyatt t. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  Thus, the question is not whether plaintiff can show by a preponderance of the evidence that Hilliard instructed him not to file a grievance.  Rather, according to the Ninth Circuit, the question is whether defendants can show by a preponderance of the evidence that Hilliard did not so instruct plaintiff.  In other words, because there is no failure to exhaust where an inmate is told not to file a grievance, see Marells v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam), in order to meet their burden of showing lack of exhaustion, defendants must prove that plaintiff was *not* told not to file a grievance.

          In supplemental briefs submitted pursuant to court order issued following the Ninth Circuit's disposition, defendants maintain that the preponderance of the evidence supports the finding that plaintiff was never instructed not to file a grievance.  The court agrees.  According to plaintiff's declaration, he prepared an inmate grievance, which he showed to an FBI agent – R. Pifer – who was at the prison investigating possible terrorist activity.  Plaintiff states that, when he approached Hilliard regarding the grievance, Hilliard told him not to file it.  With their initial motion, defendants provided Hilliard's declaration, in which he denies ever instructing plaintiff not to file a grievance.  With their supplemental brief, defendants offer new evidence in the form of the declaration of FBI agent Pifer who states that plaintiff never made her aware of any grievance.  Given this new evidence, the court finds that plaintiff's declaration lacks credibility given that his account of presenting agent Pifer with a grievance is directly contradicted by agent Pifer.  This inconsistency calls into question the veracity of plaintiff's statements that he in fact prepared a grievance and, if so, that he was told by Hilliard not to file it.

In light of the new evidence submitted by defendants, specifically agent Pifer's declaration, and in light of the legal issue presented as framed by the Ninth Circuit, the court finds that <u>defendants</u> have carried their burden of establishing, beyond a preponderance of the evidence, that plaintiff was <u>not</u> instructed not to file a grievance. For the reasons discussed above, the court gives plaintiff's declaration little weight and affords significant weight to the declarations provided by defendants.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 16) be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE