IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WASHINGTON,                               No. 2:08-CV-0386-KJM-CMK-P

    Plaintiff,

  vs.                                                              ORDER

SALEM MOHAMED, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by the Eastern District of California local rules.

        On October 22, 2012, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed. (ECF 52.)

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)©) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court declines to adopt the findings and recommendations. For the reasons below, the court DENIES defendants' motion to dismiss without prejudice.

1

1    A motion to dismiss for failure to exhaust administrative remedies prior to filing
2  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  *Wyatt v. Terhune*, 315 F.3d
3  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial
4  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at
5  1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  *Id.* at 1119.  To
6  bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process.  Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case,. . . .  With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

14  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).  However, it is improper for a court
15  entertaining a 12(b) motion to make credibility determinations when, as in the instant case, the
16  court is presented with differing versions of events.  *See Data Disc, Inc. v. Sys. Tech. Assocs.,*
17  *Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1973) ("Where affidavits are directly conflicting on
18  material points, we do not see how it is possible for the district judge to 'weigh' the affidavits in
19  order to resolve disputed issues."); *see also Ortega v. Giamalvo*, No. C–07–04436 ED, 2011 WL
20  2445315, at *5 (N.D. Cal. June 16, 2011) (citing *Barretto v. Smith*, 2009 WL 1271984, 2009 WL
21  1271984, at *7 (E.D. Cal. Mar. 6, 2009) ("Under these circumstances, in which the parties offer
22  competing declarations setting forth differing versions of events, the court cannot make the
23  necessary credibility determination to resolve the exhaustion issue on a motion to dismiss.")).
24    Before the court are competing declarations on the question whether plaintiff
25  exhausted his administrative remedies, which turns on whether plaintiff was told by prison staff

not to file a grievance. *Cf. Marells v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam) (plaintiff did not fail to exhaust when prison staff told him no remedy was available).  Plaintiff has sworn that Correctional Officer Hilliard told him not to file a grievance.  (Pl.'s Decl. ¶ 13, Ex. 1, Opp'n to Defs.' Mot. to Dismiss, ECF 18).  Hilliard swears he never told plaintiff not to file one.  (Hilliard Supp. Decl. ¶¶ 7-8, Reply, ECF 21-1.)  FBI Agent Pifer's declaration, provided by defendants after remand, that contrary to plaintiff's assertion she was never made aware of any grievance prepared by plaintiff may cast doubt on plaintiff's credibility (Pifer Decl. ¶¶ 2-4, Supp. Brief in Support of Mot. to Dismiss, ECF 42-1), but it does not permit the court to make credibility determinations to resolve this disputed exhaustion issue.  The burden to prove failure to exhaust lies with defendants.  *Wyatt*, 315 F.3d at 1119.  The court finds defendants have not met this burden.  As the question whether defendants have met their burden is the only one before this court, the court DENIES defendants' motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 22, 2012, are not adopted;

2. Defendants' motion to dismiss (Doc. 16) is denied; and

3. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

DATED:  March 26, 2013.

_____
UNITED STATES DISTRICT JUDGE