UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No.  2:08-cv-0386-KJM-CMK-P |
| Plaintiff, | |
| v. | ORDER |
| SALEM MOHAMED, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

        On December 31, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time.  Defendants have filed timely objections to the findings and recommendations and plaintiff has replied.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court declines to adopt the findings and recommendations as explained below.

        Plaintiff alleges defendants violated his Eighth Amendment rights by failing to protect him from inmates who had threatened to kill him.  ECF No. 8.  The defendants filed a

1

1    motion to dismiss, presenting evidence showing plaintiff had failed to exhaust administrative

2    remedies.  ECF No. 16.  In response, plaintiff alleged defendant Hilliard ordered him not to file a

3    grievance.  ECF No. 18.  The magistrate judge asked for supplemental briefing and declarations

4    and eventually issued findings and recommendations recommending the motion to dismiss be

5    granted.  ECF No. 27.  The district court adopted this recommendation and dismissed the case.

6    ECF No. 29.

7          Plaintiff appealed and on July 22, 2010, the Ninth Circuit vacated and remanded

8    the case and returned it to the district court "to develop the record."  ECF No. 33 at 2.   Thereafter

9    the magistrate judge asked the parties to supply supplemental briefing and any additional

10   evidence they deemed necessary.  ECF No. 38.   He considered new declarations submitted by the

11   defendants and on the basis of those declarations, determined that plaintiff's declaration lacked

12   credibility.   ECF No. 51 at 2.  He thus concluded defendants had borne their burden of proving

13   plaintiff's failure to exhaust, giving "plaintiff's declaration little weight and afford[ing]

14   significant weight to the declarations provided by defendants."  ECF No. 51 at 3.

15         This court did not adopt this recommendation, saying "it is improper for a court

16   . . . to make credibility determinations when, as in the instant case, the court is presented with

17   differing versions of events."   ECF No. 53 at 2.   The court cited to cases that found a court

18   cannot make credibility determinations to resolve an exhaustion issue when presented only with

19   competing declarations.  *Id*.  It then found defendants had not met their burden on the record

20   before the court at that time and referred the case back to the magistrate judge.  ECF No. 53 at 3.

21         Defendants again filed a motion to dismiss seeking limited discovery on the

22   question and requesting an evidentiary hearing.  ECF No. 54 at-1 at 3-4.  The magistrate judge

23   denied the motion, saying that this court's previous order prevented him from resolving the

24   credibility issues presented by the motion.  ECF No. 59 at 2.

25         In saying that it is improper to make credibility determinations in resolving

26   differing versions of events on a 12(b) motion, this court was not precluding an evidentiary

27   hearing but rather saying only that resolving credibility based on competing declarations was

28   improper.  The Ninth Circuit has recognized that a court cannot make a credibility determination

without holding an evidentiary hearing. *Hubbard v. Houghland*, 471 F. App'x 625, 626 (9th Cir. 2012) (unpublished); *see Porter v. Neotti*, Civil No. 11cv1050 BTM (BLM), 2013 WL 416552, at *1 (S.D. Cal. Jan. 31, 2013) (discussing the results of evidentiary hearing on the question whether administrative remedies were effectively unavailable to him); *Wimberly v. Cnty of Sacramento*, No. CIV S-06-289 JAM GGH P, 2008 WL 5234729, at *2 (E.D. Cal. Dec. 16, 2008) (same); *see also* FED. R. CIV. P. 43(c).

In this case the question whether defendants can bear their burden of showing a failure to exhaust turns on a credibility determination that cannot be made on the competing papers, but can be made after a hearing. The magistrate judge erred in recommending the motion be denied without further factual development.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 31, 2013, are not adopted; and
2. The case is referred to the magistrate judge for further proceedings.

DATED: March 31, 2014.

UNITED STATES DISTRICT JUDGE

3