UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOHN WASHINGTON, | No. 2:08-cv-0386 KJM CMK P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SALEM MOHAMMED, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On December 31, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Defendants have filed timely objections to the findings and recommendations and plaintiff has replied.

Plaintiff alleges defendants violated his Eighth Amendment rights by failing to protect him from inmates who had threatened to kill him. ECF No. 8. The defendants filed a motion to dismiss, presenting evidence that suggested plaintiff failed to exhaust administrative remedies. ECF No. 16. In response, plaintiff alleged defendant Hilliard ordered him not to file a grievance. ECF No. 18. The magistrate judge asked for supplemental briefing and declarations

1

1   and eventually issued findings and recommendations recommending the motion to dismiss be
2   granted. ECF No. 27. The district court adopted this recommendation and dismissed the case.
3   ECF No. 29.

4   Plaintiff appealed and on July 22, 2010, the Ninth Circuit vacated and remanded
5   the case and returned it to the district court "to develop the record." ECF No. 33 at 2. Thereafter
6   the magistrate judge asked the parties to supply supplemental briefing and any additional
7   evidence they deemed necessary. ECF No. 38. He considered new declarations submitted by the
8   defendants and on the basis of those declarations, determined that plaintiff's declaration lacked
9   credibility. ECF No. 51 at 2. He thus concluded defendants had borne their burden of proving
10  plaintiff's failure to exhaust, giving "plaintiff's declaration little weight and afford[ing]
11  significant weight to the declarations provided by defendants." ECF No. 51 at 3.

12  This court did not adopt this recommendation, saying "it is improper for a court
13  . . . to make credibility determinations when, as in the instant case, the court is presented with
14  differing versions of events." ECF No. 53 at 2. The court cited to cases that found a court cannot
15  make credibility determinations to resolve an exhaustion issue when presented only with
16  competing declarations. *Id.* It then found defendants had not met their burden on the record
17  before the court at that time and referred the case back to the magistrate judge. ECF No. 53 at 3.

18  Defendants again filed a motion to dismiss seeking limited discovery on the
19  question and requesting an evidentiary hearing. ECF No. 54-1 at 3-4. The magistrate judge
20  recommended the motion be denied, saying that this court's previous order prevented him from
21  resolving the credibility issues presented by the motion. ECF No. 59 at 2.

22  On March 31, 2014, this court declined to adopt the findings and recommendations
23  and directed the matter be referred to the magistrate judge for an evidentiary hearing to resolve
24  the credibility issues presented by the competing declarations. ECF No. 63.

25  On April 3, 2014, the Ninth Circuit decided *Albino v. Baca*, overruling prior
26  authority that held failure to exhaust should be raised in an unenumerated 12(b) motion, a
27  procedure that would have allowed the court to resolve credibility issues. 747 F.3d 1162, 1170
28  (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino*, __ U.S. __, 135 S. Ct. 403 (2014).

1  The Circuit held failure to exhaust, an affirmative defense, should be raised in a motion for
2  summary judgment, decided, if feasible, before reaching the merits of a prisoner's claim. *Id*. In
3  light of *Albino*, the magistrate judge's ultimate recommendation that the motion to dismiss for
4  failure to exhaust be denied is correct.
5        IT IS THEREFORE ORDERED that the findings and recommendations filed
6  December 31, 2013 are adopted insofar as they conclude the motion to dismiss should be denied
7  and the motion, filed April 10, 2013, is denied.
8  DATED: February 6, 2015.

                              UNITED STATES DISTRICT JUDGE