IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. 2:08-cv-0386-KJM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SALEM MOHAMMED, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Pending before the court are several motions regarding discovery (Docs. 87, 79, 80, 81) and plaintiff's motion third motion for the appointment of counsel (Doc. 83).

      First, defendants have filed two requests for additional time to respond to plaintiff's discovery requests, and a motion to modify the discovery and scheduling orders. Defendants have also filed a motion to compel plaintiff's deposition.

      As to defendants' request for additional time to respond to plaintiff's discovery requests, defendants state that the additional time is necessary in order to locate and interview the particular defendant the interrogatories and request for production of documents are addressed,

1

defendant Hilliard. Defendant Hilliard has apparently retired, and is no longer accessible at the institution. In addition, defense counsel was in need of additional time to obtain the necessary documents from the Litigation Coordinator. Good cause appearing therefor, the request will be granted. If the responses have not yet been provided to plaintiff, such responses shall be due within 30 days.

Next, defendants have filed a motion to compel plaintiff's deposition. Defendants acknowledge that the original deposition notice was not served fourteen days prior to the original deposition date. Because of this error, plaintiff refused to cooperate with his deposition. Plaintiff also objected to his deposition on the grounds that the video conferencing facilities were inadequate, the evidence of plaintiff's exhaustion is already in the court's record, and the defendants are precluded from re-litigating the issue of exhaustion by the Ninth Circuit's ruling. Defendants bring this motion to compel for the court to issue a ruling overruling plaintiff's objections and compelling plaintiff to cooperate with a deposition.

Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> (1)(A): The court...may, on motion, order sanctions if: a party...fails, after being served with proper notice, to appear for that person's deposition....
> (2): A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

The court has discretion in determining the proper sanctions. Such sanction may include ordering certain facts be deemed established, prohibiting the disobedient party from opposing certain defenses, or dismissing the entire action. See Fed. R. Civ. P. 37(b), (d).

Discovery may generally be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1). See id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See id. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See id.

      Here, defendants move to compel plaintiff's attendance and cooperation at his deposition. As stated above, defendants are entitled to the discovery of relevant information. Pursuant to Rule 37, plaintiff is required to cooperate with a properly noticed deposition. Failure to do so may result in sanctions, including the dismissal of this action. Unless plaintiff properly moves for a protective order under Rule 26(c), plaintiff is generally required to answer questions posed to him at his deposition.

      Plaintiff did not file an opposition to the motion to compel. On this basis alone, the motion may be granted. The objections defendant states plaintiff has set forth are not valid objections. The issue of exhaustion has not be resolved on the merits of that issue. While the Ninth Circuit remanded this case for further proceedings, the Ninth Circuit did not find plaintiff exhausted his administrative remedies. In addition, regardless of the records plaintiff thinks the court has, the defendants are allowed to question plaintiff regarding the exhaustion of his administrative remedies. Finally, the quality of the videoconferencing facilities, plaintiff has no grounds for objecting to the deposition. If plaintiff cannot understand the question, he may ask for the question to be repeated. The court has regularly utilized prison videoconferencing facilities and have found them to be sufficient.

      Therefore, the objections plaintiff apparently has to the defendants taking his deposition would be overruled. Plaintiff is required to appear and cooperate with a properly noticed deposition. Plaintiff failure to cooperate with the defendants' properly noticed deposition

request will be grounds for sanctions, including dismissal of this action.

Based on the above discussion, it is clear that the parties need additional time to complete the discovery in this case. As such, the scheduling order will be modified in order to accommodate the need for additional discovery. The court sets forth new deadlines as to discovery and dispositive motions below. Other than the new deadlines, the general provisions of the court's prior scheduling order remain intact. Once the time for dispositive motions has passed, or upon resolution of any dispositive motions that may be filed, the court will issue a new scheduling order for the remainder of this litigation, including a trial date as appropriate.

Finally, plaintiff has filed a third request for the appointment of counsel. As the court has previously set forth, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff has demonstrated sufficient ability to articulate his claims and understand these proceedings. The claims involved in this action, failure to protect, are not exceptionally complex. In addition, at this stage of the proceedings, the court cannot say plaintiff has a likelihood of success on the merits. Plaintiff states his request is based on his difficulties with obtaining the document he has requested through the discovery process and the length of this case. However, neither grounds are sufficient for the appointment of counsel. Specifically,

the court notes that plaintiff has not filed a motion to compel in order to obtain the documents he is apparently having difficulty obtaining. Whether a motion to compel would be successful is not before the court, as it is not clear what documents plaintiff is attempting to obtain. However, there are methods in which to bring the issue before the court that do not require the appointment of counsel, including to use of subpoenas to obtain documents which may be in the possession of persons other than the defendants. See Fed. R. Civ. P. 45.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' requests for additional time to respond to plaintiff's discovery requests (Docs. 78, 80) is granted;

2. If defendants' responses have not been submitted, the responses shall be submitted to plaintiff within 30 days;

3. Defendants' motion to compel plaintiff's deposition (Doc. 79) is granted;

4. Plaintiff is required to cooperate in a properly noticed deposition;

5. Defendants' request to modify the discovery and scheduling order (Doc. 81) is granted;

6. The parties have up to and including October 3, 2016, to propound any additional written discovery and notice plaintiff's deposition;

7. Plaintiff's deposition shall be completed on or before November 7, 2016;

7. Any motions to compel must be filed on or before December 12, 2017;

8. Any dispositive motions shall be filed on or before February 6, 2017; and

9. Plaintiff's motion for the appointment of counsel (Doc. 83) is denied.

DATED: September 6, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE