# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WASHINGTON,                                   No. 2:08-cv-0386-KJM-CMK-P

    Plaintiff,

  vs.                                                               ORDER

SALEM MOHAMMED, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion to file a second amended complaint (Doc. 90).  Defendants oppose the motion to amend.

        The Federal Rules of Civil Procedure provide that a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading.  Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties.  See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether

there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, plaintiff seeks leave to file an amended complaint in order to add both additional defendants and additional claims as to the new proposed defendants.  The only defendants plaintiff seeks to add are "Doe" defendants.  This indicates plaintiff does not know the identity of the individuals he seeks to add.

This action proceeds on plaintiff's first amended complaint (Doc. 8) filed April 28, 2008.  After significant proceedings, an answer was filed on August 13, 2015 (Doc. 75).  A scheduling order, which has since been modified, was originally issued on September 9, 2015, setting a discovery cutoff date of January 29, 2016.  That date has been extended, and there is currently a pending motion to compel before the court.  However, the date to propound discovery has now passed.

Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  There are situations where the identity a defendant is not known prior to the filing of a complaint, and "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  However, plaintiff never named Doe defendants in his original or first amended complaint.  These new Doe defendants are not referenced anywhere in the prior complaints, nor does plaintiff explain how they are now indispensable parties.

/ / /

There does not appear to be a reasonable relationship between the facts alleged in the prior compliant and those now alleged in the proposed second amended complaint. Plaintiff's first amended complaint alleges one claim, a violation of his Eighth Amendment rights for failure to protect. In contrast, plaintiff's proposed second amended complaint adds new, unrelated claims regarding plaintiff's medical treatment, inadequate policies and procedures, and negligence among the supervisors. These claims, albeit tangentially related to his failure to protect claim, are not reasonably related to the extent they would be supported by the same or related facts. Thus, the undersigned finds no reasonable relationship between the first and second amended complaints.

Granting plaintiff leave to amend at this juncture will not be in the interest of juridical economy nor will it promote the speedy resolution of this case. Instead, as the newly proposed claims and defendants are unrelated, allowing the amended would require the court to significantly extend the amount of time required to complete discovery. Discovery is concluded, not withstanding the current limited motion to compel. Allowing the proposed amended complaint would require reopening discovery from the beginning, thus delaying significantly the resolution of this case. While no trial date has been set, allowing the proposed amendment would delay the setting of the trial, and the resolution of the original claim.

In addition, plaintiff fails to explain the significant delay in seeking leave to file this amended complaint. This case was originally filed in 2008. Requesting to file an amended complaint after eight years of litigation, without an explanation as to why the amendment could not have been sought earlier does not support the granting of the amendment at this late date.

Finally, the court notes that at least a portion of plaintiff's proposed amendments would not survive screening or a motion to dismiss. For example, plaintiff seeks to add the Warden of Mule Creek State Prison as well as the Secretary of the California Department of Corrections and Rehabilitation. These individuals were named in his original complaint, but were eliminated in his first amended complaint without explanation. In addition, supervisory

personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Thus, allowing the amended pleading would be futile as the claims would be subject to dismissal.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a second amended complaint (Doc. 88) is denied, and this action will proceed on the first amended complaint (Doc. 8).

DATED: March 30, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4