IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WASHINGTON, | No. 2:08-cv-0386-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| SALEM MOHAMMED, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 91).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

This action proceeds on plaintiff's first amended complaint (Doc. 8), which alleges one claim, a violation of his Eighth Amendment rights for failure to protect plaintiff from inmate-on-inmate violence at Mule Creek State Prison (MCSP). In his current motion, plaintiff seeks single cell status and is requesting an order from the court directing that the defendants and officials at his current facility, R. J. Donovan Correctional Facility (RJD), be ordered to provide him a single cell. His request is based on allegations he claims he raised in his second amended complaint, which he was not authorized to file. He contends that his single cell status, which he was granted at MCSP, was arbitrarily taken away from his at his current facility. He states that he is currently housed alone, but is subject to getting a cellmate at anytime.

It is noted that plaintiff was transferred to RJD in September 2013. He states his single cell status was revoked when he was transferred. Yet he waited three years to challenge his cell status, and fails to identify any actual current threat. The inmates who allegedly threatened and attacked him were housed with him at MCSP. There is no allegation that these inmates have also been transferred to RJD. Indeed, there are no allegations that plaintiff is under any imminent danger of violence by other inmates at RJD.

As to the other elements, plaintiff fails to show the balance of hardship tips in his favor as there is no indication that the inmates who have threatened him are even at the same

facility as he is.  Requiring the prison to house inmates in a specific way poses an undue hardship on the prison, which does not appear to be necessary in this case.  Similarly, plaintiff fails to show such an order would be in the public interest.  Finally, as this case is still pre-summary judgment, it is difficult to determine how likely plaintiff is to succeed on the merits.  However, as the other factors do not weigh in plaintiff's favor, there is no basis for the order to be granted.

In addition, plaintiff is requesting the court issue an order directing officials at RJD to house plaintiff in a single cell.  The undersigned notes that none of the defendants in this action are RJD officials.  To the extent plaintiff has filed a request for injunctive relief against individuals who are not named as defendants in this action, this court is unable to issue such an order.  This court is not able to issue orders against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Based on the foregoing, the undersigned finds plaintiff fails to make the required showing for a temporary restraining order and recommends that his motion (Doc. 91) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 29, 2017

                                                                                          _____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE