IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WASHINGTON,                              No. 2:08-cv-0386-KJM-CMK-P

    Plaintiff,

  vs.                                         ORDER

SALEM MOHAMMED, et al.,

    Defendants.

_____/

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to withdraw (Doc. 94) and plaintiff's motion to compel (Doc. 92).

As to defendants' motion to withdraw, counsel seeks court permission to withdraw as counsel as to one defendant. "An attorney may not withdraw as counsel except by leave of court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal.1992). Permission to withdraw is discretionary. See United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all

>   other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Local Rule 182(d). California Rules of Professional Conduct, Rule 3-700(C)(1)(d) provides for permissive withdrawal from a case where the client "renders it unreasonably difficult for the member to carry out the employment effectively."

In ruling on a motion to withdraw, courts may consider the following factors: (1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. See Leatt Corp. v. Innovative Safety Tech., LLC, No. 09-cv-1301-IEG (POR), 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010); Deal v. Countrywide Home Loans, No. C09–01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept.15, 2010).

Here, counsel requests permission to withdraw as counsel as to one defendant, Mohamed. It appears defendant Mohamed has retired and has perhaps relocated overseas. There has been no communication between defendant Mohamed and counsel despite several attempts by counsel to contact defendant Mohamed and elicit a response. Lack of communication from the client can result in difficulty for counsel to continue representation. However, the undersigned believes that this case has a reasonable opportunity to be settled through the court's settlement program. As such, withdrawal at this stage of the proceedings may cause harm to the other litigants and the administration of justice, and might delay the resolution of this case. The request to withdraw will therefore be denied without prejudice to renewal if settlement is not successful.

As to plaintiff's motion to compel, the court notes that defendants have filed an opposition to the motion. The opposition, however, indicates that the defendants are not necessarily opposed to producing the document plaintiff seeks, but that there is cause for concern over both plaintiff's safety and that of the institution. Defendants requests the court's assistance in reaching an agreement as to the logistics of providing plaintiff with the information he seeks.

As noted above, the court finds this case may be amenable to settlement. The documents at issue in the motion to compel could be addressed during the settlement discussions. Therefore, the motion will be denied at this time, to be addressed after the settlement conference if settlement is not successful.

This matter will be referred to the court's ADR Coordinator, Sujean Park, for further evaluation and setting of a settlement conference, if feasible. Further orders will regarding the setting of a settlement conference will issue separately.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to withdraw as counsel (Doc. 94) is denied without prejudice to renewal if settlement is not successful; and

2. Plaintiff's motion to compel (Doc. 92) is denied without prejudice, and will be addressed again if settlement is not successful.

DATED: January 31, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE